J-S42023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v. :
:
:
:
DANIEL LEROY CONNER :
:
Appellant : No. 1451 WDA 2021

Appeal from the Judgment of Sentence Entered November 9, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002298-2020

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: APRIL 21, 2023**

Appellant, Daniel Leroy Conner, appeals from the judgment of sentence entered November 9, 2021 in the Criminal Division of the Court of Common Pleas of Erie County.  We affirm.

The trial court summarized the relevant facts and procedural history in this matter as follows.

> By information filed November 16, 2020, [Appellant] was charged with one count each of terroristic threats and harassment.[1]  The charges arose from Appellant's [] activities on or about September 27, 2020 in sending threatening text messages to [his] wife, [A.C.], from whom he was separated.  According to the affidavit of probable cause in support of the arrest warrant, Appellant's

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2706(a)(1) and 2709(a)(4), respectively.

text(s) to the victim included a death threat directed to her which placed her in fear of imminent danger.[2]

The case was originally scheduled for the Erie County Court of Common Pleas criminal trial term[,] which started April 5, 2021. On April 7, 2021, two days into the term, Appellant filed a request for continuance and waiver of [his] speedy trial rights. The basis of the request was Appellant had applied for a public defender on April 1, 2021. [*See* Appellant's Request for Continuance and Waiver of Speedy Trial Rights, 4/5/21]. On April 8, 2021, the [trial court] granted the continuance request. Appellant's case was rescheduled for trial to occur two months later, during the June 2021 trial term[, which was] set to begin on June 7, 2021[.]

In preparation for the June[] 2021 trial term, a pre-trial conference was held on May 28, 2021. Further, [] in late May 2021, a [hearing notice advised] Appellant in writing [that] the start date for the June 2021 trial term was June 7, 2021[.]

During the Pre-Trial conference on May 28, 2021, Appellant advised Court Administration staff he wanted to proceed without a lawyer, despite having previously applied for a public defender. A *Grazier* hearing was scheduled for June 2, 2021.

On June 2, 2021, [a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998) ("***Grazier***")] was held, Appellant's first. [] During the ***Grazier*** colloquy, Appellant initially advised [that] he wished to proceed *pro se.* **See** [N.T., 6/2/21, at 2-4]. As the colloquy neared conclusion, the exchange in this regard continued:

> **Ms. Anglin (Assistant District Attorney):** Do you understand if any errors or rule violations occur and you don't object to them at the right time, you will lose your right to object permanently?
>
> **Mr. Conner:** Yes.

---

[2] The text message to the victim [] included a veiled threat against a third person, [together with] a threat of harm directed toward the victim. The content of the [texts] was that after Appellant found the third person, then he was coming for [A.C.] who would take her last breath and whom Appellant would kill. [Criminal Information, 11/16/20].

**Ms. Anglin:**  Are you voluntarily giving up your right to be represented by an attorney?

**Mr. Conner:**  Yes.

**Ms. Anglin:**  And have you been forced or pressured in any way or have any promises been made to you that would influence your decision to waive your right to be represented?

**Mr. Conner:**  No.

**Ms. Anglin:**  All right.  I'm going to hand to you the document as I've completed it and just indicate if you agree with how I completed the form by signing on the line marked defendant.

**Mr. Conner:**  (Defendant complies.)

N.T., 6/2/21, at 2-4.

As Appellant executed the waiver of counsel form, the [trial c]ourt inquired of the reasons for Appellant's decision to proceed without a lawyer.  The following exchange occurred:

**The Court:**  And, sir, why are you choosing to go without an attorney?

**Mr. Conner:**  I didn't have enough time to get one and –

**The Court**:  Do you need more time to get an attorney?  I'll allow you more time to get an attorney or talk to one.

**Mr. Conner:**  It was just a thought.

**The Court:**  What's that?

**Mr. Conner:**  It was a thought, yes.

**The Court**:  Well, listen, I'm happy to do that.  I mean, I'd rather you have an opportunity to talk to an attorney.  And you probably know that if you can't afford one, one can be appointed for you, do you know that?

**Mr. Conner:** Yeah. Yes, Your Honor.

**The Court:** Are you working?

**Mr. Conner:** Not right now. I'm laid off.

**The Court:** All right. So you may qualify to get a public defender. Do you want time to do that?

**Mr. Conner:** Sure.

N.T., 6/2/21, at 4-5.

Appellant remained silent about his previous application for a public defender; the outcome of his application for same, and the fact that his case was previously scheduled for the April 2021 trial term but continued to the June term at Appellant's request. The court graciously continued Appellant's case to the August 2021 trial term and advised Appellant that the [c]ourt would hold off on signing or filing Appellant's waiver of counsel form. The Commonwealth, under the mistaken belief the case had not been previously scheduled for trial during the April 2021 trial term, did not object to the continuance. N.T., 6/2/21, at 5-6.

In anticipation of the August 2021 trial term, [a] notice [advising of a pre-trial conference to occur on July 14, 2021] was mailed to Appellant. [] Also, on July 12, 2021, a notice was mailed to Appellant instructing him to appear for trial on August 9, 2021.

At the pre-trial conference on July 14, 2021, it was apparent Appellant had not yet retained private counsel or secured legal representation through the Office of the Public Defender. Accordingly, a second *Grazier* hearing was scheduled for July 16, 2021[.]

[The same trial judge who presided over Appellant's June 2021 *Grazier* hearing conducted Appellant's hearing on] July 16, 2021. The following is an excerpt from the hearing:

**Mr. Sullivan (Assistance District Attorney):** Umm, Mr. [C]onner, umm, do you understand your rights to an attorney?

**Mr. Conner:** Yes.

- 4 -

**Mr. Sullivan:** I note that this is not - - none of the questions have been answered. Do you want to review that form now on the record? Or - -

**Mr. Conner:** No. I'll do it. I'll - -

**Mr. Sullivan:** All right.

**The Court:** All right. Sir, you're going to go forward. I understand you're, umm, going to have a non-jury trial, and you wanted to represent yourself at the non-jury trial?

**Mr. Conner:** Yes.

**The Court:** Is that what you want to do?

**Mr. Conner:** Yes.

**The Court:** Okay. Any reason you don't want an attorney representing you?

**Mr. Conner:** Umm, no.

**The Court:** No? Can you afford one?

**Mr. Conner:** No.

**The Court:** No. Okay. Do you want one appointed to you?

**Mr. Conner:** If possible.

N.T., 7/16/21, at 2-3.

Similar to what occurred at the first *Grazier* hearing, at the second *Grazier* hearing on July 16, 2021, Appellant failed to inform or disclose to the [c]ourt: a) he had previously applied [to the] Public Defender on April 1, 2021; b) the outcome of the application process; c) any difficulties or obstacles Appellant encountered in the application process; d) any reason(s) he was unable to secure privately retained counsel; and, e) the fact the case was continued previously (from the April 2021 trial term to the June 2021 trial term, and from the June 2021 trial term to the

August 2021 trial term) to allow Appellant secure counsel.  Out of concern, the Court continued:

**The Court:**  Do you make - - let me ask you: Do you work?

**Mr. Conner:**  Yeah.

**The Court:**  You - -

**Mr. Conner:**  I'm laid off right now, though.

**The Court:**  All right.  You're laid off right now?  Umm, I'm not sure if you're able to be - - if you're able to get an appointment or not.  Do you want to pursue that opportunity - -

**Mr. Conner:**  Sure.

**The Court:**  - - before you do this waiver?

**Mr. Conner:**  Sure.

**The Court:**  All right.  Well, what we'll do, then, sir, is we won't do this today.  Why don't you contact with the Public Defender's Office. All right?

**Mr. Conner:**  Yeah.

**The Court:**  They're right down at 210 East Second Street.  Go down there, because your case is coming up for trial.  You don't want to miss it.  I mean, you're here in court, so, obviously you show up for your court case.
But if you want to talk to them and see if you can, umm, apply; whether you'll be able to get one.  I don't know if you make too much money or not.  If not, and you say, I can't afford my own attorney, you can come and we can do this again.  I'd rather be safe than sorry, and give the opportunity to talk to the Public Defender's Office.  All right?

**Mr. Conner:**  Okay. Thanks.

**The Court:**  Are you okay with that?

**Mr. Conner:**  Yeah.

**The Court:** All right. And then we won't do anything about the waiver of the jury trial either at this point until you talk to an attorney.

**Mr. Conner:** All right.

**The Court:** *Well, you're good to go today. But I would get in contact with them right away, because this - - this case may be coming up for trial fairly soon. And, umm, what you don't want to do is get called to trial and you're not ready. You don't have an attorney. Or you don't show up, and then we think you're ducking us, so we go and pick you up.*

**Mr. Sullivan:** *Your Honor, I would note this is the second occasion where something to this effect was scheduled. On June 2, 2021, umm, the last time that this was scheduled, the Defendant did appear, and presented as thought he wanted an attorney, as well.*

**The Court:** *Okay.*

**Mr. Sullivan:** *So, I did want to note that for the record, that this is second scheduling of something to this effect - -*

**The Court:** *All right.*

**Mr. Sullivan:** *- - and the same has been represented both times.*

**The Court:** *All right. And what happens is we'll set up another date. And if you don't have an attorney, in all likelihood, we'll have to proceed without an attorney. But we'll give you one more chance to see if you can get a Public Defender.*

**Mr. Conner:** *Okay.*

**The Court:** *All right. Very well. You're good to go.*

N.T., 7/16/21, at 2-5 (emphasis added).

Appellant was forewarned the continuance granted on July 16, 2021 from the August 2021 trial term to the next available term would most likely be the last continuance granted in his case, and

the interval between July 16, 2021 and Appellant's next scheduled trial date would be Appellant's last opportunity to procure counsel.

Appellant's case was rescheduled for the third time to the criminal trial term commencing September 7, 2021. Appellant was notified of this *via* written notice dated and filed August 19, 2021. Another pre-trial conference was held on August 26, 2021.

On September 7, 2021, at the designated time for the start of trial, both Assistant District Attorney (ADA) Justin Smith and Appellant, *pro se*, appeared before the [trial judge assigned to the case]. [ADA] Smith notified the [c]ourt, "Mr. Conner, Judge, I guess wants a continuance." The [ADA] advised the [c]ourt of his understanding [that] Appellant wanted a continuance "for witnesses." The [c]ourt advised it was too late to request a continuance.

After a brief recess, the [trial c]ourt inquired of Appellant numerous times why, after approximately, one year,[3] Appellant ha[d] not yet obtained a lawyer. Appellant alternately indicated he wanted a continuance because: he'd been working for the past year; he never previously requested a continuance; he did not have enough time to obtain a lawyer; he did not have enough time "to subpoena the right people to his trial"; "the DA has it all wrong;" and Appellant tried but could not get a lawyer.

The Commonwealth objected to any further continuance, citing *inter alia,* the multiple prior continuances at Appellant's request; the Commonwealth's readiness to proceed to trial with witnesses present and available to testify; and the fact the court room was filled with persons who reported for jury duty service. The court denied Appellant's fourth request for a continuance.

On September 7, 2021, following a trial by jury, Appellant was convicted of one count each of terroristic threats and harassment.

On November 9, 2021, the Appellant was sentenced to an aggregate of two years of probation as follows:

---

[3] Appellant's preliminary hearing was scheduled for October 8, 2020. On that date, Appellant appeared before the Magisterial District Judge and executed a waiver of counsel form and waived the preliminary hearing.

Count One: Terroristic Threats – County Regular Probation for two years;
Count Two: Harassment – County Regular Probation for one year, concurrent with Count One.

The sentences were at the low end of the standard range of the sentencing guidelines. Appellant was represented by counsel at sentencing.

Appellant filed a notice of appeal on December 7, 2021. On December 8, 2021, the [trial c]ourt issued a [Rule] 1925(b) order, directing Appellant to file a [Rule] 1925(b) [concise statement] within [21] days. On December 28, 2021, Appellant filed a concise statement [and the trial court issued an opinion on March 7, 2022].

Trial Court Opinion, 3/7/22, at 1-9 (footnotes in original; superfluous capitalization omitted).

In his brief, Appellant raises the following issues for our review.

1. Did the Commonwealth present insufficient evidence to sustain Appellant's conviction for terroristic threats where the circumstances reveal Appellant did not have the intent to terrorize?

2. Did the trial court err by forcing Appellant to go to trial without an attorney where Appellant did not knowingly, voluntarily, and intelligently waive his right to counsel and where Appellant did not forfeit his right to counsel by dilatory conduct?

Appellant's Brief at 8.

We have carefully reviewed the submissions of the parties, the trial court's opinion, and the certified record. Based upon our review, we concur in the trial court's conclusion that Appellant's claims are without merit, and he is not entitled to relief. Specifically, we agree with the trial court that Appellant waived his sufficiency challenge for lack of specificity in his Rule

1925(b) statement and, if not waived, the claim is wholly devoid of merit. *See* Trial Court Opinion, 3/7/22, at 10-12. In addition, we concur with the trial court that, under the circumstances, Appellant forfeited his right to counsel where, after three requested continuances to obtain counsel, Appellant appeared at trial without the aid of an attorney and tendered a fourth continuance request without a cogent explanation. *See id*. at 12-15. Because we find that the trial court has adequately and accurately examined Appellant's claims, we adopt its March 7, 2022 opinion as our own. Accordingly, the parties are instructed to attach a copy of the trial court's opinion to all future filings pertaining to the disposition of this appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2023

COMMONWEALTH OF PENNSYLVANIA    :    IN THE COURT OF COMMON PLEAS
                           :    OF ERIE COUNTY, PENNSYLVANIA
                           :

             v.             :    CRIMINAL DIVISION
                           :

DANIEL LEROY CONNER        :    NO. 2298 of 2020

## OPINION

This matter is before the Court on Appellant's Notice of Appeal filed December 7, 2021, from the judgment of sentence imposed on November 9, 2021. For the reasons set forth below, the judgment of sentence should be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

The issues presented for review on this direct appeal are: 1) a factually inaccurate and bald sufficiency of the evidence claim, and 2) a claim error occurred in "forcing" Appellant to go to trial without an attorney. More accurately framed, Appellant's second issue is whether the Court properly within its discretion denied Appellant's unsubstantiated day-of-trial request (Appellant's *fourth*) to continue trial of the case.[1]

The relevant procedural and factual background is summarized herein.

By Information filed November 16, 2020, Appellant, Daniel Leroy Conner, was charged with one count each of Terroristic Threats, and Harassment.[2] The charges arose from Appellant's alleged activities on or about September 27, 2020 in sending threatening text messages to Appellant's wife, A. Conner, from whom he was separated. According to the

---

[1] Appellate counsel's lack of familiarity with the case is apparent. The Court afforded Appellant four continuances over months to determine definitively whether he wished to retain counsel and if so, to act upon the decision.

[2] 18 Pa.C.S.A. §§2706(a)(1) and 2709(a)(4), respectively.

1    A-3

Affidavit of Probable Cause in support of the arrest warrant, Appellant's text(s) to the victim included a death threat directed to her which placed her in fear of imminent danger.[3]

The case was originally scheduled for the Erie County Court of Common Pleas criminal trial term which started April 5, 2021. On April 7, 2021, two days into the term, Appellant filed a Request for Continuance and Waiver of Speedy Trial Rights. The basis of the request was Appellant had applied for a public defender on April 1, 2021. *See Erie County Court of Common Pleas Criminal Docket, p. 2, "Calendar Events" section (hereinafter, "Docket, 'Calendar of Events'); Defendant's Request for Continuance and Waiver of Speedy Trial Rights (Rule 600) dated April 5, 2021 and filed April 7, 2021.* On April 8, 2021, the Honorable John J. Mead granted the continuance request. Appellant's case was rescheduled for trial to occur two months later, during the June, 2021 trial term set to begin on June 7, 2021 *See Docket, Calendar of Events.*

In preparation for the June, 2021 trial term, a Pre-Trial Conference was held on May 28, 2021. Further, in normal course in late May, 2021, a "hearing notice" was generated notifying Appellant in writing the start date for the June, 2021 trial term was June 7, 2021. *See Docket, Calendar of Events; "Hearing Notice" filed May 17, 2021.*

During the Pre-Trial Conference on May 28, 2021, Appellant advised Court Administration staff he wanted to proceed without a lawyer, despite having previously applied for a public defender. A *Grazier* hearing was scheduled for June 2, 2021.

On June 2, 2021, a *Grazier* hearing was held, Appellant's first. The Honorable John J. Mead presided. During the *Grazier* colloquy, Appellant initially advised he wished to proceed

---

[3] The text message(s) to the victim allegedly included a veiled threat against a third person, and a threat of harm directed toward the victim. The content of the text(s) was that after Appellant found the third person, then he was coming for A. Conner who would take her last breath and whom Appellant would kill. *See Criminal Information.*

2 A-4

*pro se. See Transcript of Proceedings, Grazier Hearing, June 2, 2021 (Tr. 6/2/21), pp. 2-4.* As the colloquy neared conclusion, the exchange in this regard continued:

**Ms. Anglin (Assistant District Attorney):** Do you understand if any errors or rule violations occur and you don't object to them at the right time, you will lose your right to object permanently?

**Mr. Conner:** Yes.

**Ms. Anglin:** Are you voluntarily giving up your right to be represented by an attorney?

**Mr. Conner:** Yes.

**Ms. Anglin:** And have you been forced or pressured in any way or have any promises been made to you that would influence your decision to waive your right to be represented?

**Mr. Conner:** No.

**Ms. Anglin:** All right. I'm going to hand to you the document as I've completed it and just indicate if you agree with how I completed the form by signing on the line marked defendant.

**Mr. Conner:** (Defendant complies.)

*Tr. 6/2/21, pp. 2-4.*

As Appellant executed the waiver of counsel form, the Court inquired of the reason(s) for Appellant's decision to proceed without a lawyer. The following exchange occurred:

**The Court:** And, sir, why are you choosing to go without an attorney?

**Mr. Conner:** I didn't have enough time to get one and - -

**The Court:** Do you need more time to get an attorney? I'll allow you more time to get an attorney or talk to one.

**Mr. Conner:** It was just a thought.

**The Court:** What's that?

**Mr. Conner:** It was a thought, yes.

3  A-5

**The Court:** Well, listen, I'm happy to do that. I mean, I'd rather you have an opportunity to talk to an attorney. And you probably know that if you can't afford one, one can be appointed for you; do you know that?

**Mr. Conner:** Yeah. Yes, Your Honor.

**The Court:** Are you working?

**Mr. Conner:** Not right now. I'm laid off.

**The Court:** All right. So you may qualify to get a public defender. Do you want time to do that?

**Mr. Conner:** Sure.

Appellant remained silent about his previous application for a public defender; the outcome of his application for same; and the fact his case was previously scheduled for the April of 2021 trial term but continued to the June term at Appellant's request. The Court graciously continued Appellant's case to the August, 2021 trial term and advised Appellant that the Court would hold off on signing or filing Appellant's waiver of counsel form. The Commonwealth, under the mistaken belief the case had not been previously scheduled for trial during the April, 2021 Trial Term, did not object to the continuance. *Tr. 6/2/21, pp. 4-6.*

In anticipation of the August, 2021 trial term, notice of a Pre-Trial Conference for Appellant to occur on July 14, 2021 was mailed to Appellant. *See Docket, Calendar of Events;* *"Hearing Notice" filed June 25, 2021.* Also, on July 12, 2021, a notice was mailed to Appellant instructing him to appear for trial on August 9, 2021. *See Docket, Calendar of Events; "Hearing Notice" filed July 12, 2021.*

At the Pre-Trial Conference on July 14, 2021, it was apparent Appellant had not yet retained private counsel or secured legal representation through the Office of the Public Defender. Accordingly, a second Grazier hearing was scheduled for July 16, 2021. *See Docket, Calendar of Events.*

4 A-6

Judge Mead was once again the presiding judge at the Grazier hearing on July 16, 2021.

The following is an excerpt from the hearing:

> **Mr. Sullivan (Assistant District Attorney):** Umm, Mr. Conner, umm, do you understand your rights to an attorney?
>
> **Mr. Conner:** Yes.
>
> **Mr. Sullivan:** I note that this is not - - none of the questions have been answered. Do you want to review that form now on the record? Or - -
>
> **Mr. Conner:** No. I'll do it. I'll - -
>
> **Mr. Sullivan:** All right.
>
> **The Court:** All right. Sir, you're going to go forward. I understand you're, umm, going to have a non-jury trial, and you wanted to represent yourself at the non-jury trial?
>
> **Mr. Conner:** Yes.
>
> **The Court:** Is that what you want to do?
>
> **Mr. Conner:** Yes.

*Transcript of Proceedings, Grazier Hearing, July 16, 2021 (Tr. 7/16/21), p. 2.* The Court again graciously inquired about the reason for Appellant's decision.

> **The Court:** Okay. Any reason you don't want an attorney representing you?
>
> **Mr. Conner:** Umm, no.
>
> **The Court:** No? Can you afford one?
>
> **Mr. Conner:** No.
>
> **The Court:** No. Okay. Do you want one appointed to you?
>
> **Mr. Conner:** If possible.

Similar to what occurred at the first *Grazier* hearing, at the second *Grazier* hearing on July 16, 2021, Appellant failed to inform or disclose to the Court: a) he had previously applied

5  A-7

for a Public Defender on April 1, 2021; b) the outcome of the application process; c) any difficulties or obstacles Appellant encountered in the application process; d) any reason(s) he was unable to secure privately retained counsel; and e) the fact the case was continued previously (from the April 2021 Trial Term to the June 2021 Trial term, and from the June 2021 Trial Term to the August 2021 Trial Term) to allow Appellant to secure counsel. Out of concern, the Court continued:

**The Court:** Do you make - - let me ask you: Do you work?

**Mr. Conner:** Yeah.

**The Court:** You - -

**Mr. Conner:** I'm laid off right now, though.

**The Court:** All right. You're laid off right now? Umm, I'm not sure if you're able to be - - if you're able to get an appointment or not. Do you want to pursue that opportunity - -

**Mr. Conner:** Sure.

**The Court:** - - before you do this waiver?

**Mr. Conner:** Sure.

**The Court:** All right. Well, what we'll do, then, sir, is we won't do this today. Why don't you contact with the Public Defender's Office. All right?

**Mr. Conner:** Yeah.

**The Court:** They're right down at 210 East Second Street. Go down there, because your case is coming up for trial. You don't want to miss it. I mean, you're here in court, so, obviously you show up for your court case.

But you want to talk to them and see if you can, umm, apply; whether you'll be able to get one. I don't know if you make too much money or not. If not, and you say, I can't afford my own attorney, you can come back, and we can do this again. I'd rather be safe than sorry, and give you the opportunity to talk to the Public Defender's Office. All right?

6  A-8

**Mr. Conner:** Okay. Thanks.

**The Court:** Are you okay with that?

**Mr. Conner:** Yeah.

**The Court:** All right. And then we won't do anything about the waiver of the jury trial either at this point until you talk to an attorney.

**Mr. Conner:** All right.

**The Court:** *Well, you're good to go today. But I would get in contact with them right away, because this - - this case may be coming up for trial fairly soon. And, umm, what you don't want to do is get called to trial and you're not ready. You don't have an attorney. Or you don't show up, and then we think you're ducking us, so we go and pick you up.*

**Mr. Sullivan:** *Your Honor, I would note this is the second occasion where something to this effect was scheduled. On June 2, 2021, umm, the last time that this was scheduled, the Defendant did appear, and presented as though he wanted an attorney, as well.*

**The Court:** *Okay.*

**Mr. Sullivan:** *So, I did want to note that for the record, that this is the second scheduling of something to this effect - -*

**The Court:** *All right.*

**Mr. Sullivan:** *- - and the same thing has been represented both times.*

**The Court:** *All right. And what happens is we'll set up another date. And if you don't have an attorney, in all likelihood, we'll have to proceed without an attorney. But we'll give you one more chance to see if you can get a Public Defender.*

**Mr. Conner:** *Okay.*

**The Court:** All right. Very well. You're good to go.

*Tr. 7/16/21, pp. 2-5 (emphasis added).*

Appellant was clearly forewarned the continuance granted on July 16, 2021 from the August 2021 trial term to the next available term would most likely be the last continuance

7   A-9

granted in his case, and the interval between July 16, 2021 and Appellant's next scheduled trial date would be Appellant's last opportunity to procure counsel.

Appellant's case was rescheduled for the third time to the Criminal Trial Term commencing September 7, 2021. Appellant was notified of this *via* written notice dated and filed August 19, 2021. Another pre-trial conference was held on August 26, 2021.

On September 7, 2021, at the designated time for the start of trial, both Assistant District Attorney Justin Smith and Appellant, *pro se*, appeared before the undersigned, the assigned trial judge. Assistant District Attorney Smith notified the Court, "Mr. Conner, Judge, I guess wants a continuance." *Transcript of Proceedings, Pre-Trial Motion, September 7, 2021 (Tr., Pre-Trial Motion, 9/7/21), p. 2.* The Assistant D.A. advised the Court of his understanding Appellant wanted a continuance "for witnesses." *Tr., Pre-Trial Motion, 9/7/21, p. 2.* The Court advised it was too late to request a continuance. *Tr., Pre-Trial Motion, 9/7/21, pp. 2-3.*

After a brief recess, the Court inquired of Appellant numerous times why, after approximately one year,[4] Appellant had not yet obtained a lawyer. Appellant alternately indicated he wanted a continuance because: he'd been working for the past year; he never previously requested a continuance; he did not have enough time to obtain a lawyer; he did not have enough time "to subpoena the right people to this trial"; "the DA has it all wrong;" and Appellant tried but could not get a lawyer. *Tr. Pre-Trial Motion, 9/7/21, pp. 3-10.*

The Commonwealth objected to any further continuance, citing, *inter alia*, the multiple prior continuances at Appellant's request; the Commonwealth's readiness to proceed to trial with witnesses present and available to testify; and the fact the court room was filled with persons

---

[4] Appellant's Preliminary Hearing was scheduled for October 8, 2020. On that date, Appellant appeared before the Magisterial District Judge and executed a Waiver of Counsel form and waived the Preliminary Hearing.

8  A-10

who reported for jury duty service. *See Tr. Pre-Trial Motion, 9/7/21, p. 8.* The Court denied Appellant's fourth request for a continuance. *See Tr. Pre-Trial Motion, 9/7/21, p. 12.*

On September 7, 2021, following a trial by jury, Appellant was convicted of one count each of Terroristic Threats, and Harassment.[5]

On November 9, 2021, the Appellant was sentenced to an aggregate of two years of probation as follows:

> Count One: Terroristic Threats — County Regular Probation for two years; and
>
> Count Two: Harassment — County Regular Probation for one year, concurrent with Count One.

The sentences were at the low end of the standard range of the sentencing guidelines. Appellant was represented by counsel at sentencing.

Appellant filed a Notice of Appeal on December 7, 2021. On December 8, 2021, the Court issued a 1925(b) Order, directing Appellant to file a 1925(b) Statement of Matters Complained of On Appeal within twenty-one days. On December 28, 2021, Appellant filed a Concise Statement of Matters Complained of On Appeal. Therein, Appellant raises two claims:

> 1. "Whether after a Non-Jury Trial, the Trial Court erred in finding Defendant guilty based upon insufficient and false evidence?"
>
> 2. "Whether the Trial Court erred in forcing Defendant to go to trial without an attorney?"

*Concise Statement of Matters Complained of On Appeal.*

---

[5] 18 Pa.C.S.A. §§2706(a)(1) and 2709(a)(4), respectively.

## DISCUSSION

### I. Sufficiency of the Evidence Claim

The broad sufficiency of the evidence claim must fail. It lacks a factual basis. Also, it is waived as vague. Assuming *arguendo* the claim is not waived, it is meritless.

The claim lacks a factual basis. Appellant's trial was a jury trial, not a non-jury trial. A jury of Appellant's peers, not the Trial Court, found him guilty as charged.

The claim is also waived as vague. Pa.R.A.P. 1925(b) allows a judge who "desires clarification of the errors complained of on appeal" to "enter an order directing the appellant to file of record in the trial court and serve on the judge a *concise* statement of the errors complained of on appeal (Statement"). *See Pa.R.A.P. 1925(b) (emphasis added)*. Rule 1925(b) further provides the Statement must concisely identify each error the appellant intends to assert *"with sufficient detail"* to identify the issue to be raised for the judge. *Pa.R.A.P. 1925(b)(4)(ii) (emphasis added)*. The rule further provides that issues not raised in accordance with paragraph (b)(4) "are waived." *Pa.R.A.P. 1925(b)(4)(vii)*. A concise statement too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006), *appeal denied*, 919 A.2d 956 (Pa. 2007). If a concise statement is too vague, the court may find waiver. *Id.*

In order to preserve a sufficiency of the evidence claim in a Rule 1925(b) statement, an appellant must specify the element or elements which the appellant avers were unproven.

> If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal]. *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008), *quoting Commonwealth v. Flores*, 921 A.2d 517, 522-523 (Pa. Super. 2007).

10  A-12

*Commonwealth v. Tyack,* 128 A.3d 254, 260 (Pa. Super. 2015). *Such specificity is particularly important in cases where an appellant has been convicted of multiple crimes, each of which contains numerous elements the Commonwealth was required to prove beyond a reasonable doubt. See Commonwealth v. Freeman,* 128 A.3d 1231, 1248 (Pa. Super. 2015)(emphasis added).

Appellant's sufficiency of the evidence claim is not specific enough for the Court to adequately address. Since the 1925(b) Statement does not provide any reason why any verdict was supported by insufficient evidence, the bald claim is waived as vague.

Assuming *arguendo* the claim is not waived as vague and/or the Superior Court choses to address it, the record establishes the claim is wholly without merit. Viewing the evidence in the light most favorable to the Commonwealth, together with all reasonable inferences from the evidence, the jury could have found each element of the crimes charged, Terroristic Threats and Harassment, was established beyond a reasonable doubt. See *Commonwealth v. Hargrave,* 745 A.3d 20, 22 (Pa. Super. 2000), *appeal denied,* 760 A.2d 851 (Pa. 2000)(internal citations omitted); *Commonwealth. v. Brunson,* 938 A.2d 1057, 1058 (Pa. Super. 2007); *Commonwealth v. Chambers,* 599 A.2d 630, 633 (Pa. 1991).

The factual basis for the charge of Terroristic Threats is that on September 27, 2020, Appellant communicated a threat to commit a crime of violence with the intent to terrorize A. Conner. The Information avers Appellant repeatedly messaged the victim and/or stated words to the effect that after Appellant found "Rick", he was coming for the victim; she would breathe her last breath; and Appellant would kill her. *See Information.*

The factual basis for the charge of Harassment is that on September 27, 2020, Appellant, with the intent to harass, annoy or alarm the victim, did communicate to or about her lewd,

11

A-13

lascivious, threatening or obscene words, language, drawings or caricatures in that Appellant repeatedly messaged the victim and or stated, "After I find Rick, I'm coming for you. You're going to breathe your last breath. I'm going to f_ _ _ _ _ _ kill you for this." *See Information.*

At trial, the Commonwealth presented testimony from the victim, A. Conner, consistent with the averments of the Information. *See Transcript of Proceedings, Jury Trial held September 7, 2021 (Tr. Trial, 9/7/21), pp. 11-25.* The victim testified she took seriously Appellant's threatening texts and statements to her, and she ended up calling the police on account of them. *Tr. Trial, 9/7/21, pp. 20-21.* The Commonwealth also presented the testimony of Pennsylvania State Trooper Adam Black. *Tr. Trial, 9/7/21, pp. 25-30.* Trooper Black was dispatched to the victim's residence in response to the victim's call to the police wherein she complained of text messages and phone calls from Appellant. *Tr. Trial, 9/7/21, p. 27.* When the officer arrived at the victim's residence, the officer observed she was in an emotional state over the communications from Appellant and broke down crying several times. The report the officer received from the victim was consistent with the victim's trial testimony. *Id.*

The sufficiency of the evidence claim is a) without factual basis; b) it is waived as vague; and c) assuming *arguendo* it is not waived, it is wholly without merit. The claim must be dismissed.

II. Claim Appellant Was "Forced" To Go To Trial Without An Attorney

In the 1925(b) Statement, Appellant claims error occurred in "forcing" Appellant to go to trial without an attorney. *See Defendant's Concise Statement of Matters Complained of On Appeal filed December 28, 2021.* More accurately, the issue is whether error occurred in denying Appellant's last-minute request on September 7, 2021 for a continuance to ostensibly explore obtaining counsel, where the case was continued on three prior occasions for the same

12

A-14

purpose and no cogent or rationally persuasive reason was advanced for Appellant's failure to secure counsel any time after early April, 2021 when the first of three continuances of Appellant's trial was granted.

As recognized by the Pennsylvania Supreme Court,

> Appellate review of a trial court's continuance decision is deferential. "The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when 'the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]' " *Commonwealth v. Randolph*, 873 A.2d 1277, 1281 (Pa. 2005) (quoting *Commonwealth v. McAleer*, 748 A.2d 670, 673 (Pa. 2000) (internal citations omitted)).

*Commonwealth v. Brooks*, 104 A.3d 466, 469 (Pa. 2014).

Under the totality of circumstances, no abuse of discretion occurred in denying Appellant's fourth request for a continuance. The day-of-trial request on September 7, 2021 was untimely under Pa.R.Crim.P. 106(D) which requires a motion for continuance on behalf of the defendant to be made not later than 48 hours before the time set for the proceeding. See Pa.R.Crim.P. 106(D). Rule 106(D) provides a later motion "*shall* be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it." *Id.*(emphasis added). See also, *Commonwealth v. Brooks*, 104 A.3d at 478. The requirements for a court *to entertain* an untimely request for a continuance were not met in this case. The request was made on the date trial was to commence, and the Court only learned of the request through the Assistant District Attorney. No reason was advanced by Appellant why he did not request a continuance of the trial 48 hours or more in advance of the time set for start of trial. There was no indication Appellant lacked notice of the trial or the opportunity to request a continuance prior to September 7, 2021. On September 7,

13

A-15

2021, Appellant provided the Court with no new information of which he was previously unaware as grounds for the continuance request. Under the circumstances, the interests of justice did not require a continuance.

In sum, as previously stated in greater detail, Appellant's trial was originally scheduled for the trial term which began April 5, 2021. On April 7, 2021, two days into the term, Appellant requested a continuance because he had only recently applied for a public defender on April 1, 2021. The first continuance request was granted.

Following the first continuance, Appellant requested additional continuances on June 2, 2021 and on July 16, 2021, but not until the latter portion of *Grazier* hearings held on those dates. During each *Grazier* colloquy, Appellant initially advised the Court he wanted to proceed *pro se*. He failed to inform the Court he had previously applied for a public defender on April 1, 2021. He failed to inform the Court of any difficulties he may have previously encountered in obtaining legal representation. However, on each occasion, Judge Mead graciously offered Appellant the opportunity to apply for a public defender or inquire about other means of obtaining counsel, and Appellant accepted the opportunities for continuances for that particular purpose. Notably, at the *Grazier* hearing on July 16, 2021, the Court stated it would give Appellant "one more chance" to see if he could get a public defender; the Court urged Appellant to get in contact with the public defender's office "right away," and the Court informed Appellant that in all likelihood, no further continuances would be granted. *See Tr. 7/16/21, pp.* 2-5. Appellant was clearly forewarned this would likely be the last time the trial would be postponed and rescheduled to occur later.

On September 7, 2021, Appellant's *fourth* rescheduled date of trial, Appellant requested from the undersigned yet another continuance of his trial. However, in response to repeated

14

A-16

inquiries by the Court for the reason(s) for the delay in securing counsel and the last-minute, day-of-trial request, Appellant offered no cogent, justifiable explanation. The Commonwealth objected to the continuance request on the basis it lined up witnesses who were available and ready to testify; citizens had reported for jury duty service and were waiting for jury selection to begin; and Appellant had obtained three prior continuances for the same stated reason. The Court concluded the timing of Appellant's request, combined with the circumstances as set forth herein, were strongly suggestive the day-of-trial request for a continuance was disingenuous and for the purpose of delay. Under the totality of circumstances, no error or abuse of discretion occurred in denying Appellant's last-minute request on September 7, 2021 for a continuance of the trial scheduled to begin that day.

The claim is wholly without merit and must be dismissed.

## CONCLUSION

For the above reasons, the judgment of sentence should be affirmed. The Clerk of Courts is hereby directed to transmit the record to the Superior Court.

BY THE COURT:

_____3/7/22_____
Date

_____
Daniel J. Brabender, Jr., Judge

cc:     District Attorney's Office
        Nathaniel E. Strasser, Esq., Office of the Public Defender

15

A-17